**No. 24-30658**

_____

In the United States Court of Appeals
for the Fifth Circuit

_____

State of Louisiana; Louisiana Oil & Gas Association; State of Mississippi, By &
through its Attorney General, Lynn Fitch; State of Texas, By & through its
Attorney General, Ken Paxton; Gulf Energy Alliance; Independent Petroleum
Association of America; U.S. Oil & Gas Association,

*Plaintiffs – Appellees,*

v.

Deb Haaland, Secretary, U.S. Department of the Interior; United States
Department of Interior; Bureau of Ocean Energy Management; Elizabeth Klein, in
her official capacity as Director of Bureau of Ocean Energy Management; Steve
Feldgus, in his official capacity as Principal Deputy Assistant Secretary for Land &
Minerals Management; James Kendall, in his official capacity as Gulf of Mexico
Regional Director,

*Defendants – Appellees,*

v.

American Petroleum Institute,
*Movant – Appellant.*

_____

Appeal from the United States District Court for the Western District of Louisiana
Case No. 2:24-CV-00820 (Hon. James D. Cain, Jr.)

_____

**OPENING BRIEF OF APPELLANT
AMERICAN PETROLEUM INSTITUTE**

_____

James M. Auslander
Peter J. Schaumberg
Kennard B. Davis
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Fax: (202) 789-6190
jauslander@bdlaw.com
pschaumberg@bdlaw.com
kdavis@bdlaw.com

*Attorneys for Movant – Appellant*
*American Petroleum Institute*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

### 1. Plaintiffs – Appellees.

| Party | Represented by |
|---|---|
| State of Louisiana | Zachary Faircloth, LA Dep't of Justice; Caitlin Ann Huettemann, LA Attorney General |
| State of Mississippi | Justin L Matheny, MS Attorney General |
| State of Texas | Heather Coffee, Wesley S Williams, TX Attorney General |
| Gulf Energy Alliance | Jimmy Faircloth, Jr., Barbara Bell Melton, Mary Katherine Price, Faircloth Melton Sobel & Bash, LLC; Daniel Joseph Shapiro, Jeffrey S Hetzel, Tyler R Green, Consovoy McCarthy PLLC; Stephen Christopher Dwight, Dwight Law Firm |
| Louisiana Oil & Gas Association | Jimmy Faircloth, Jr., Barbara Bell Melton, Mary Katherine Price, Faircloth Melton Sobel & Bash, LLC; Daniel Joseph Shapiro, Jeffrey S Hetzel, Tyler R Green, Consovoy McCarthy PLLC; Stephen Christopher Dwight, Dwight Law Firm |
| Independent Petroleum Association of America | Jimmy Faircloth, Jr., Barbara Bell Melton, Mary Katherine Price, Faircloth Melton Sobel & Bash, LLC; Daniel Joseph Shapiro, Jeffrey S Hetzel, Tyler R Green, Consovoy McCarthy PLLC; Stephen Christopher Dwight, Dwight Law Firm |

| U.S. Oil & Gas Association | Jimmy Faircloth, Jr., Barbara Bell Melton, Mary Katherine Price, Faircloth Melton Sobel & Bash, LLC;<br>Daniel Joseph Shapiro, Jeffrey S Hetzel, Tyler R Green, Consovoy McCarthy PLLC;<br>Stephen Christopher Dwight, Dwight Law Firm |

## 2. Federal Defendants.

| Party | Represented by |
|---|---|
| Deb Haaland | Katharine Laubach, Paul Turcke, U.S. Dep't of Justice |
| U S Dept of Interior | Katharine Laubach, Paul Turcke, U.S. Dep't of Justice |
| Bureau of Ocean Energy Management | Katharine Laubach, Paul Turcke, U.S. Dep't of Justice |
| Elizabeth Klein | Katharine Laubach, Paul Turcke, U.S. Dep't of Justice |
| Steve Feldgus | Katharine Laubach, Paul Turcke, U.S. Dep't of Justice |
| James Kendall | Katharine Laubach, Paul Turcke, U.S. Dep't of Justice |

## 3. Amici.

| Party | Represented by |
|---|---|
| Center for Biological Diversity | Michael Lawrence Brown, Ava Ibanez Amador, Earthjustice |
| Healthy Gulf | Michael Lawrence Brown, Ava Ibanez Amador, Earthjustice |
| Oceana | Michael Lawrence Brown, Ava Ibanez Amador, Earthjustice |
| Ocean Conservancy | Michael Lawrence Brown, Ava Ibanez Amador, Earthjustice |
| Louisiana Mid-Continent Oil & Gas Association | Tod J. Everage, Lauren Jean Rucinski, Kean Miller LLP |

*/s/ James M. Auslander*
James M. Auslander
BEVERIDGE & DIAMOND, P.C.

*Attorney for Movant – Appellant*
*American Petroleum Institute*

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. R. 28.2.3, Appellant American Petroleum Institute ("API") waives oral argument to expedite a decision and because it believes the intervention issues will be adequately addressed on the briefs. Nonetheless, its counsel are available for oral argument should the Court deem it helpful or necessary.

**TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ..........................................................1

INTRODUCTION ...............................................................................2

STATEMENT OF ISSUES PRESENTED FOR REVIEW .....................................3

STATEMENT OF THE CASE................................................................3

SUMMARY OF ARGUMENT ...............................................................8

STANDARD OF REVIEW ...................................................................9

ARGUMENT ....................................................................................10

   I.  API Is Entitled to Intervention as of Right...................................10

   II.  The District Court Abused Its Discretion in Denying API's Motion
      for Permissive Intervention. .....................................................17

CONCLUSION ................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Bocanegra v. Vicmar Servs., Inc.*,
  320 F.3d 581 (5th Cir. 2003) ...............................................................18

*Ctr. for Biological Diversity v. U.S. EPA*,
  937 F.3d 533 (5th Cir. 2019) ...............................................................13

*Ctr. for Sustainable Econ. v. Jewell*,
  779 F.3d 588 (D.C. Cir. 2015) ............................................................13

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ...................................................................1

*Entergy Gulf States Louisiana, LLC v. U.S. EPA*,
  817 F.3d 198 (5th Cir. 2016) ...............................................................10

*Fund for Animals, Inc. v. Norton*,
  322 F.3d 728 (D.C. Cir. 2003) ............................................................11

*Heaton v. Monogram Credit Card Bank of Ga.*,
  297 F.3d 416 (5th Cir. 2002) ...................................................... 14, 16

*Newby v. Enron Corp.*,
  443 F.3d 416 (5th Cir. 2006) ...................................................... 10, 17

*Ross v. Marshall*,
  426 F.3d 745 (5th Cir. 2005) ...............................................................10

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) .......................................... 10, 11, 16

*Sierra Club v. Glickman*,
  82 F.3d 106 (5th Cir. 1996) ...............................................................14

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972).................................................................. 10, 12

*Utahns for Better Transp. v. U.S. Dep't of Transp.*,
  295 F.3d 1111 (10th Cir. 2002) ..........................................................18

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*,
  834 F.3d 562 (5th Cir. 2016) ................................... 9, 10, 11, 13, 15, 16

*WildEarth Guardians v. U.S. Forest Serv.*,
  573 F.3d 992 (10th Cir. 2009) ............................................................11

## Statutory Authorities

5 U.S.C. § 701 ................................................................................1

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 1331 ...........................................................................1

28 U.S.C. § 1361 ...........................................................................1

## Rules and Regulations

30 C.F.R. § 550.147(a) ..................................................................4

30 C.F.R. § 556.710 .......................................................................4

30 C.F.R. § 556.901(d).......................................................... 4, 5, 12

30 C.F.R. § 556.902(a) ..................................................................4

58 Fed. Reg. 45,255 (Aug. 27, 1993) ...........................................3

89 Fed. Reg. 31,544 (Apr. 24, 2024) ........................................2, 5

Fed. R. App. P. 3(a)(1) ..................................................................1

Fed. R. App. P. 4(a)(1)(B) .............................................................1

Fed. R. Civ. P. 24 ........................................................................18

Fed. R. Civ. P. 24(a) ....................................................................10

Fed. R. Civ. P. 24(a)(2) ...................................................... 3, 6, 13

Fed. R. Civ. P. 24(b)(1)(B) ............................................................3

Fed. R. Civ. P. 24(b)(3) ...............................................................17

Fed. R. Civ. P. 24(c) ....................................................................17

## Additional Authorities

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C *Federal Practice and Procedure* § 1914 (3d ed.) ...............................17

# JURISDICTIONAL STATEMENT

The State of Louisiana, the Louisiana Oil & Gas Association, the State of Mississippi, the State of Texas, the Gulf Energy Alliance, the Independent Petroleum Association of America, and the U.S. Oil & Gas Association (collectively, "Plaintiffs") invoked the district court's jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1361 (mandamus).

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. On September 9, 2024, the district court denied API's motion to intervene as a defendant in this action. ROA.2730-38, 2739. API timely filed its notice of appeal pursuant to Fed. R. App. P. 3(a)(1) and 4(a)(1)(B) on October 4, 2024. ROA.2850. The denial of a motion to intervene as of right is an immediately appealable final order. *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996). This Court also has provisional jurisdiction to determine whether the district court erroneously denied a motion for permissive intervention. *Id.*

# INTRODUCTION

The district court's denial of intervention allows only a portion of the offshore oil and natural gas industry to participate in a challenge to a Department of the Interior rulemaking ("Rule") governing the entire industry.[1]  Among other things, Plaintiff industry associations and states seek to disavow longstanding financial assurance obligations of current Outer Continental Shelf ("OCS") lease and grant interest holders, and to thrust those obligations improperly upon predecessor interest holders.  The district court's denial of intervention curtails full defense of the Rule by excluding those industry members—API and its members—who would bear the brunt of Plaintiffs' novel theory of offshore obligations.

The district court erred in summarily denying intervention as of right merely because API and its members share Federal Defendants' end goal to dismiss Plaintiffs' claims.  That misapplies the relevant legal standard for intervention. Moreover, API and its members' interests are distinct from those of Federal Defendants in several important ways, including as evident by:  the Bureau of Ocean Management's ("BOEM") rejection of API's proposed rule comments providing suggestions for key aspects of the Rule; the direct targeting of API members in Plaintiffs' Complaint; and API's unique ability to refute Plaintiffs' misleading

---

[1] *Risk Management and Financial Assurance for OCS Lease and Grant Obligations*, 89 Fed. Reg. 31,544 (Apr. 24, 2024), ROA.2041-96.

Case: 24-30658    Document: 39-1    Page: 12    Date Filed: 12/24/2024

portrayal of OCS business transactions. Further, API's separate and distinct interests may only further magnify as the litigation progresses. The district court also abused its discretion in denying permissive intervention because it disregarded API's filed responsive pleading identifying defenses and responses to Plaintiffs' claims.

The district court's relegation of API to mere amicus curiae status has already prejudiced API and its members, and these harms will only increase in severity as this case proceeds without API as an intervenor-defendant party. This Court should reverse and order the district court to grant API intervention.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Did the district court err in denying API intervention as of right under Federal Rule of Civil Procedure 24(a)(2)?

2.      Did the district court abuse its discretion in denying API permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B)?

## STATEMENT OF THE CASE

For decades, BOEM's regulations have obligated current interest holders of OCS oil and gas leases and grants to provide supplemental financial assurance to BOEM to ensure performance of their accrued obligations, including decommissioning of wells, platforms, pipelines and other facilities. *See generally* 30 C.F.R. part 556, subpart I; 58 Fed. Reg. 45,255 (Aug. 27, 1993). The purpose of such financial assurance is to ensure BOEM's access to sufficient funds, without

3

burdening taxpayers, to complete decommissioning and other obligations in the event that the current interest holders fail to perform their accrued obligations. Under BOEM's longstanding regulations, even pre-dating the Rule challenged here, financial assurance to BOEM has *always* been the *sole* responsibility of *current* interest holders. *See, e.g.*, 30 C.F.R. § 556.902(a) (2023) ("you, as lessee, operating rights owner or operator"). That security obligation is consistent with BOEM and its sister agency the Bureau of Safety and Environmental Enforcement routinely holding current interest owners responsible in the first instance for performing their obligations, even if they ultimately refuse or are unable to do so. *See, e.g.*, 30 C.F.R. §§ 550.147(a), 556.710, 250.1708(c).

The Rule challenged by Plaintiffs does not remove or expand BOEM's authority to demand supplemental financial assurance. Nor does the Rule alter any company's (current or predecessor interest holder) accrued liability for OCS lease and grant obligations. Rather, the Rule adopts simpler and more objective standards clarifying the circumstances in which BOEM "may" (not must) exercise its authority to require supplemental financial assurance. *E.g.*, 30 C.F.R. § 556.901(d), ROA.2091. Under the Rule, BOEM will not require supplemental financial assurance if at least one of the current interest holders has an investment-grade credit rating, or there exists a greater than 3:1 ratio of proven remaining oil and gas reserves value (for a lease, unit, or field) to estimated decommissioning costs. 30 C.F.R.

4

§ 556.901(d)(1)-(4) (2024), *id.*    The Rule removed other prior criteria (e.g., compliance history) that BOEM upon further consideration found did not relate to a need for more financial assurance.    89 Fed. Reg. at 31,550, ROA.2047.    The net result is that the Rule clarifies from whom BOEM will *not* seek supplemental financial assurance, because BOEM determined that their investment grade credit ratings or substantial net reserves present a sufficiently low risk of default on their obligations.    But *never* have BOEM's regulations—whether adopted previously or in the Rule—enabled BOEM to consider the existence or financial strength of predecessors in the chain of title when deciding whether BOEM needed to demand supplemental financial assurance from a current interest holder.

API is the nation's leading trade association for the oil and natural gas industry, and its nearly 600 members conduct much of the exploration, production, refining, marketing, and transportation of petroleum and petroleum products in the United States.    API's members include companies that currently hold and previously held interests in OCS oil and gas leases and grants and are thus directly regulated by the Rule.    API and its members actively participated in the rulemaking process, including submission of detailed comments to BOEM.[2]

---

[2] *See* API Comment Letter, https://downloads.regulations.gov/BOEM-2023-0027-2006/attachment_1.pdf; *see also* Chevron U.S.A. Inc. *Comment Letter*, https://downloads.regulations.gov/BOEM-2023-0027-1974/attachment_1.pdf; Shell Offshore Inc. *Comment Letter*, https://downloads.regulations.gov/BOEM-

On June 17, 2024, Plaintiffs filed a Complaint in the United States District Court for the Western District of Louisiana against the BOEM and related Federal Defendants (collectively, BOEM).    ROA.22.    Plaintiffs' Complaint explicitly targeted API's members in addition to BOEM.    Plaintiffs allege that certain companies, including specific API members, helped develop the Rule, which they wrongly claim "bails [those companies] out" from future decommissioning costs they "knowingly and voluntarily assumed."    ROA.36, 40, 91; ROA.1638.    Industry Plaintiffs among other things attempt to disclaim much of their supplemental financial assurance requirements for decommissioning obligations because they believe that predecessor entities like API members should assure them instead. Plaintiffs' Complaint seeks declaratory and injunctive relief to enjoin implementation of the Rule and to vacate and set aside the Rule as unlawful.  ROA.101.

Before Federal Defendants filed any responsive pleading, API on July 16, 2024, filed a motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), and alternatively permissively under Rule 24(b)(1)(B).  ROA.1616.  API filed a corrected motion ("Motion") on July 18, 2024.  ROA.1630.  API's Motion and supporting briefing demonstrated API's and its members' deep interests in the Rule and the outcome of this litigation, and focused on how its intervention will

---

2023-0027-2012/attachment_1.pdf;    bp    America,    Inc.    *Comment    Letter*, https://downloads.regulations.gov/BOEM-2023-0027-2003/attachment_1.pdf.

assist the court's understanding of the Rule and the issues in this case.  ROA.1634.
The Motion also explained that API and its members are the best advocates for their
unique interests and that no party will adequately represent them in defending certain
aspects of the Rule because the financial burdens the industry Plaintiffs seek to shift
will fall largely on API's members.  ROA.1636-41.

Plaintiffs untimely opposed intervention.  ROA.1680.  Federal Defendants did
not oppose intervention.  Plaintiffs conceded that API's Motion was timely, and that
API has a protectable interest in the subject of this case that is threatened by Plaintiffs'
requested relief.  ROA.1683.  To exclude industry members with views different than
their own, Plaintiffs argued that BOEM adequately represents API because to date both
of those parties have advocated for upholding the Rule.  Plaintiffs also argued that
API's defenses to Plaintiffs' claims were too uncertain for permissive intervention.

While API's Motion was pending, BOEM filed its Answer to the Complaint on
August 19, 2024.  ROA.2606.  API filed its own proposed Answer one week later on
August 26, 2024.  ROA.2693.

On September 9, 2024, the district court issued a Memorandum Ruling
("Ruling") and Judgment denying API's Motion.  ROA.2730-38, 2739.  The district
court found that API satisfied the first three (unopposed) criteria for intervention as of
right under Rule 24(a).  ROA.2734-36.  Yet, in a single paragraph, the district court
held that API's private interests mirror BOEM's interests and denied intervention as

7

of right on that basis.  ROA.2737.  Then the district court, again in a single paragraph, held that it was "inappropriate" to grant permissive intervention because API had not indicated "what defenses or responses it intends to raise," via a proposed pleading or in its Motion briefing—even though API had already filed its proposed Answer including its defenses and responses.  ROA.2738.

Plaintiffs on June 20, 2024 also filed a motion for an administrative stay or preliminary injunction of the Rule.  ROA.809.  While awaiting a decision on its intervention Motion, API filed a proposed opposition to Plaintiffs' motion, adhering to the same August 13, 2024 deadline as for BOEM's opposition.  ROA.1695.  In its September 9, 2024 Ruling and Judgment denying API intervention, the district court stated that it would treat API's opposition "as an amicus brief."  ROA.2738-39.  On October 3, 2024, the district court held oral argument on Plaintiffs' motion for preliminary relief, with API foreclosed from participating in the hearing.  A ruling on Plaintiffs' motion remains pending.  On December 5, 2024, BOEM lodged the administrative record for the Rule with the district court.  Dkt. No. 89.

API appeals the district court's denial of intervention so that API may timely and meaningfully participate in the ongoing litigation challenging the Rule.

## SUMMARY OF ARGUMENT

The district court erred in denying API intervention as of right, which this Court reviews *de novo* and should reverse.  The district court acknowledged—but

then disregarded—this Court's "broad policy favoring intervention" by regulated entities and their trade associations. ROA.2733 (citing *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016)). Under this Court's precedent, industry associations and other regulated persons have routinely intervened in cases challenging regulations that govern their conduct. API undisputedly satisfied the first three factors for intervention as of right. On the only disputed factor, API readily satisfied what the district court recognized is a "minimal" burden to show that the specific private interests of API and its members are distinguishable from BOEM's public charge. ROA.2736.

Alternatively, this Court should reverse the district court's denial of permissive intervention. The district court mistakenly faulted API for filing "no proposed pleading" (ROA.2738), but API in fact had already filed an Answer to the Complaint. ROA.2693-2728. And in any event, API's position on Plaintiffs' claims was already clear.

Participation as amicus curiae is insufficient to protect the unique interests of API and its members in this case.

## STANDARD OF REVIEW

The district court's denial of intervention as of right is reviewed *de novo*. *Wal-Mart*, 834 F.3d at 569. The district court's denial of permissive intervention is

reviewed for abuse of discretion.  *Newby v. Enron Corp.*, 443 F.3d 416, 423 (5th Cir. 2006).

## ARGUMENT

### I.    API Is Entitled to Intervention as of Right.

A motion to intervene as of right is governed by Rule 24(a).  Fed. R. Civ. P. 24(a); *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).  An intervention motion must "timely" show that the moving party has "an interest relating to the property or transaction that is the subject of the action," that it "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and that existing parties may not "adequately represent" that interest. Fed. R. Civ. P. 24(a).

Particularly where the putative intervenor has standing—which is undisputed here—the requirements of Rule 24(a) are to be construed liberally, with doubts resolved in favor of intervention.  *Wal-Mart*, 834 F.3d at 566, n.3, 569; *Entergy Gulf States La., LLC v. U.S. EPA*, 817 F.3d 198, 203 (5th Cir. 2016).  Intervention "should generally be allowed where 'no one would be hurt and greater justice could be attained.'"  *Ross*, 426 F.3d at 753 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).  As pertinent here, it is well-established that intervention as of right requires only that representation by an existing party "*may* be" inadequate, and that burden is "minimal."  *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538–

10

39, n.10 (1972) (emphasis in original); *Wal-Mart*, 834 F.3d at 569 (same).  This broad

policy favoring intervention readily supports API's intervention in this case.

The district court here paid mere lip service to this presumption in holding that

BOEM adequately represents API and its members.  ROA.2736-37.  The district court

cursorily found that "API has neither provided any support for these conclusions [that

BOEM does not adequately represent API and its members] nor attempted to explain

how its interests diverge from defendants' interests in defending the regulation."

ROA.2737.  But that is wrong.

As API explained to the district court in support of its Motion, BOEM

represents the public interests of a federal government agency, but not the specific,

private interests of API and its members.  This Court and other Circuits have

confirmed that representation is inadequate in these circumstances.  *See*, *e.g.*, *Espy*,

18 F.3d at 1208; *see also id*. at 1207 ("The government must represent the broad

public interest, not just the economic concerns of . . . industry."); *WildEarth

Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009) (noting that the

government represents "the public interest generally," not the "individual parochial

interest" of an intervenor) (internal citation omitted); *Fund for Animals, Inc. v.

Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (explaining that "we have often

concluded that governmental entities do not adequately represent the interests of

aspiring intervenors," and that the government cannot be expected to protect the financial interest of private parties).

Indeed, as the Supreme Court explained in *Trbovich*, a government agency cannot be characterized as able adequately to represent the interests of an intervenor that is subject to the challenged action if the agency has substantially similar interests to the potential intervenor, but has a statutory charge to pursue a different goal as well. *See Trbovich*, 404 U.S. at 538–39. So too here for API and its members. BOEM's central charge is to ensure that the public is not forced to pay for end-of-life offshore operations, such as decommissioning. Although API and its members share the BOEM's interest in safe operation and decommissioning of offshore facilities, they have further interests in preventing industry Plaintiffs from transferring their financial burdens onto API members—something that is not at the core of BOEM's interest.

For that main reason, BOEM and API do not share the same mind on all aspects of the Rule, as exhibited by the Rule's adoption of provisions API disfavored—such as making supplemental financial assurance from current lessees discretionary ("may") rather than mandatory. 30 C.F.R. § 556.901(d), ROA.2091. Moreover, industry Plaintiffs directly target the interests of API member companies—not BOEM—by attempting to rely on predecessor liability in lieu of those Plaintiffs providing supplemental financial assurance as current interest holders. ROA.36, 40,

91; ROA.1638.  API also is uniquely situated to refute Plaintiffs' misleading portrayal of OCS business transactions, whereas BOEM is largely unconcerned with or not privy to such commercial information.  ROA.2595; ROA.1719-22; ROA.1726-32.  API also frequently is a party adverse to BOEM in other litigation involving OCS actions.  The district court overlooked all of these basic circumstances distinguishing BOEM's and API's interests.

Additionally, BOEM's participation is no substitute because API presently cannot know what arguments Plaintiffs will assert, or what litigation position or defenses BOEM will pursue.  This Circuit recognizes the reality that no one can forecast how litigation will proceed at the outset of litigation when intervention must "timely" occur.  Fed. R. Civ. P. 24(a)(2); *Wal-Mart*, 834 F.3d at 569 ("Because intervention necessarily occurs before the litigation has been resolved, the Association need only show that 'the representation *may* be inadequate.'") (emphasis in original, citation omitted).  And, as an intervenor, API has long raised dispositive issues where the defendant government agency failed to do so.  *See*, *e.g.*, *Ctr. for Biological Diversity v. U.S. EPA*, 937 F.3d 533, 536 (5th Cir. 2019) (holding that petitioners lacked Article III standing where "EPA initially agreed Petitioners had standing" but "Intervenor American Petroleum Institute argued otherwise"); *Ctr. for Sustainable Econ. v. Jewell¸* 779 F.3d 588, 593, 599–600 (D.C. Cir. 2015) (finding

petitioner's NEPA claims unripe where ripeness issue was raised only by intervenor API, with government respondents conceding ripeness).

Similarly, as borne out by briefing on Plaintiffs' pending motion for preliminary relief, BOEM and API may focus on different aspects of the Rule and offer different arguments. For example, API's brief focused more on exposing Plaintiffs' misleading arguments about accrued liability for decommissioning, false narratives including that the Rule pits smaller operators against "big oil," and the misrepresentations of complex business realities on the OCS. ROA.1695-1724; ROA.1726-32.

API further cannot control whether, if Plaintiffs were to prevail on the merits, BOEM would appeal to defend the Rule. As an intervenor, API could appeal in that scenario even if Federal Defendants did not. That alone supports, rather than defeats, API's intervention. *See Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002) (that government and private party's interests "may diverge in the future . . . is enough to meet the . . . burden on this issue [of whether existing parties adequately protect the intervenor's interest]"); *Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) ("the interests of [association's] members will not necessarily coincide" with the government's broader interests, "even though, at this point, they share common ground").

14

Granting API intervention in this case is in line with this Court's precedent, but that too was overlooked by the district court. For example, in *Wal-Mart*, the plaintiffs "allege[d] that the regulatory system . . . operates exclusively for the benefit of the [intervenor] Association's members," and "[t]he Association seeks to intervene in defense of the regulatory system." 834 F.3d at 564. This Court reversed the district court's denial of intervention that was based on the plaintiffs' opposition. *Id.* at 564–55. Specifically, this Court found that the State Commission defendant did not adequately represent the industry association's interests, regardless of any shared "ultimate objective" in the litigation. *Id.* at 569. Those interests—"protecting its members' businesses—are narrower than the Commission's broad public mission." *Id.* Moreover, the Commission had to "defend all portions of the litigation," whereas the association was focused on certain aspects. *Id.* Finally, intervenors could raise "arguments that the Commission cannot make." *Id.* That case—which the district court cited elsewhere but not on inadequate representation (ROA_2733-34)—warrants similarly granting intervention here, where API's members have narrower and differed interests than BOEM, and API can offer unique arguments to refute Plaintiffs' misleading portrayal of business realties on the OCS.

Consistently, this Court has granted intervention to industry associations and other regulated persons to defend challenges involving regulatory schemes that govern their conduct—notwithstanding the presence of a federal agency defendant

15

looking to achieve the same end result. *E.g.*, *Wal-Mart*, 834 F.3d at 569 ("[A]ssociations representing licensed business owners have a right to intervene in lawsuits challenging the regulatory scheme that governs the profession."); *id.* at 569 n.9 (collecting similar cases); *Espy*, 18 F.3d at 1208 (federal government did not adequately represent industry associations seeking to defend challenge to management of national forests, and finding: "The government must represent the broad public interest, not just the economic concerns of the timber industry."); *cf. Heaton*, 297 F.3d at 425 (federal agency granted intervention to defend lawsuit against bank despite that they "agreed on the merits of the substantive issues to be litigated"). Meanwhile, the district court cited no case finding a government agency's adequate representation of industry interests, particularly in defending a regulation directly addressing industry operations.  The district court failed to address the authority in this Circuit or justify its departure in this case.

Thus, API's legitimate interests in the outcome of this litigation are not in fact adequately represented by the existing parties.  At bottom, if Plaintiffs can facially challenge the Rule purportedly on behalf of the oil and gas industry, then API representing members of that same industry with differing views on the issue ought to have the right to intervene in defense of that Rule.  BOEM does not represent the interests of API and its members any more than BOEM

16

represents the interests of Plaintiffs within the same industry.  The district court erred in concluding otherwise.  This Court should reverse on that ground alone.

## II.    The District Court Abused Its Discretion in Denying API's Motion for Permissive Intervention.

The district court also improperly denied API permissive intervention.  A party may permissively intervene if it "has a claim or defense that shares with the main action a common question of law or fact," as long as permitting intervention would not "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(1)(B), 24(b)(3).  "[T]he 'claim or defense' portion of Rule 24(b)(2) [is] construed liberally." *Newby,* 443 F.3d at 422 (citations omitted).  API again easily cleared this bar.

Nonetheless, the district court concluded that it could not assess any shared claim or defense because API did not provide a "proposed pleading stating what defenses or responses it intends to raise" or "defenses or responses in its motion[.]" ROA.2738.    Notably,  the  district  court  did  not  base  its  denial  on  a  non-contemporaneous responsive pleading—and for good reason, as a responsive pleading often follows a motion to intervene where the intervenor's position is clear and the parties suffer no prejudice.  *See, e.g*., Charles Alan Wright, et al., 7C *Federal Practice and Procedure* § 1914 (3d ed. 2020) ("a number of [] cases have refused to require strict compliance [with Fed. R. Civ. P. 24(c)]").

17

More importantly as a factual matter, the district court mistakenly disregarded that API *had* filed its proposed Answer to the Complaint over two weeks before the Ruling. ROA. 2693. What is more, two weeks before its filed Answer, API filed its proposed opposition to Plaintiffs' motion for preliminary relief, specifying its defenses and responses to Plaintiffs' claims. ROA.1695. Thus, the district court's conclusion that API had not offered its substantive positions is at odds with the record and was an abuse of discretion. *See Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) ("A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.").

Lastly, the district court stated that API's "perspective may be provided in an amicus brief." ROA.2738. But as API pointed out to the district court, that is cold comfort. To begin with, Rule 24's plain text nowhere suggests that potential involvement as amicus curiae forms any basis of the intervention inquiry. *See generally* Fed. R. Civ. P. 24. More importantly, amicus curiae status is insufficient to protect API's interests in this case. The district court noted this argument, but nowhere addressed it. ROA.2732 ("Participating as an *amicus curiae*, API asserts, would not afford API the rights it seeks."). Without party status, API lacks the rights of a party to this case, including to participate in full briefing, scheduling discussions, any settlement, or any appeal. *See also Utahns for Better Transp. v.*

*U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) ("the right to file a brief as amicus curiae is no substitute for the right to intervene as a party in the action under Rule 24(a)(2)") (citation omitted).

API and its members are already accruing those harms. API has been excluded from oral argument on Plaintiff's motion for preliminary relief, discussions surrounding BOEM's recently lodged administrative record, and discussions on ensuing merits briefing. Meanwhile, the district court identified no delay or prejudice to other parties from allowing API to intervene as a defendant party.

Thus, the district court abused its discretion by denying permissive intervention and should be reversed on that alternative ground as well.

## CONCLUSION

For the reasons above, the Court should grant API's appeal, reverse the district court, and direct the district court to grant API intervention in defense of the Rule.

Dated: December 24, 2024                Respectfully submitted,

*/s/ James M. Auslander*
James M. Auslander
Peter J. Schaumberg
Kennard B. Davis
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Fax: (202) 789-6190
jauslander@bdlaw.com
pschaumberg@bdlaw.com

kdavis@bdlaw.com

*Attorneys for Movant – Appellant*
*American Petroleum Institute*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing will be sent via e-mail to all CM/ECF participants.

Dated:  December  24, 2024                  */s/ James M. Auslander*
                                          James M. Auslander
                                          BEVERIDGE & DIAMOND, P.C.

                                          *Attorney for Movant – Appellant*
                                          *American Petroleum Institute*

**CERTIFICATE OF COMPLIANCE**

I certify, pursuant to Fed. R. App. P. 32(g)(1), that the foregoing document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,175 words, as computed by Microsoft Word. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface of Times New Roman, 14-point font.

Dated:  December  24, 2024          */s/ James M. Auslander*
                                    James M. Auslander
                                    BEVERIDGE & DIAMOND, P.C.

                                    *Attorney for Movant – Appellant*
                                    *American Petroleum Institute*

**CERTIFICATE OF ELECTRONIC COMPLIANCE**

I hereby certify that, in the foregoing document using the Fifth Circuit CM/ECF document filing system, (1) the privacy redactions required by the Fifth Circuit Rule 25.2.13 are not necessary in this filing, (2) the electronic submission and the paper document filed will be exact copies, and (3) the document has been scanned for viruses with the most recent version of use Symantec Endpoint Protection and is free of viruses.

Dated:  December  24, 2024         */s/ James M. Auslander*
                                   James M. Auslander
                                   BEVERIDGE & DIAMOND, P.C.

                                   *Attorney for Movant – Appellant*
                                   *American Petroleum Institute*